**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| STEPHON WALTER, § | |
| § | |
| Plaintiff, § | **CIVIL ACTION NO. 5:19-CV-00127-RWS** |
| § | |
| v. § | |
| § | |
| DIRECTOR TDCJ - CID, ET AL., § | |
| § | |
| Defendants. § | |

**ORDER**

The Plaintiff Stephon Walter, proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge.

Plaintiff complains a guard named Chelsea Smith sexually harassed him and wrote him false disciplinary cases in retaliation for his not performing "sexual acts" for her. He contended Captain Suh and Captain Ricks did not properly investigate his complaints, Captain Ricks violated his right to equal protection, and former TDCJ-CID Director Lorie Davis was liable because of her position of authority.

Defendants moved to dismiss, and Plaintiff responded. After review of the pleadings, the Magistrate Judge issued a Report recommending the motion to dismiss be granted as to all of Plaintiff's claims except for his retaliation claim, to which the motion to dismiss alluded but did not address. Docket No. 15.

Plaintiff filed objections to the Report that did not specifically address any of the Magistrate Judge's proposed findings or conclusions, but largely reiterated the allegations of his

complaints.  Docket No. 20.  He again described the sexual harassment which Officer Smith allegedly carried out and the retaliation he claims followed, and argues he was tricked into believing Captain Suh would investigate his claims.  Plaintiff also contends the failure to properly investigate his claims amounted to deliberate indifference.  He further alleges the existence of a policy or custom of sexual harassment, rendering former TDCJ-CID Director Davis liable.

The Magistrate Judge correctly determined Plaintiff's claims of sexual harassment and false disciplinary cases failed to state a claim upon which relief may be granted, although his retaliation claims were sufficient to survive a motion to dismiss.  The Magistrate Judge also properly concluded Plaintiff's allegations against Captain Suh, Captain Ricks, and former Director Davis did not state a claim upon which relief may be granted.  Although he argues in his objections that a policy or custom of sexual harassment existed, he did not raise this claim in his complaints, much less offer any facts in support; on the contrary, he alleges in the complaint in cause no. 5:19-cv-127 that the Defendants' actions violated TDCJ-CID policy.

The Fifth Circuit has held issues raised for the first time in objections to the Magistrate Judge's Report are not properly before the district court.  *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). Even were the claim of a policy or custom of sexual harassment properly before the district court, it does not state a claim upon which relief may be granted because it is entirely conclusory.  *See Spiller v. City of Texas City Police Department*, 130 F.3d 162, 167 (5th Cir. 1997); *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected.  *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Upon such *de novo* review,

the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.  It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 15) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion to dismiss (docket no. 12) is **GRANTED** as to all claims except for the retaliation claim against Officer Chelsea Smith.  It is further

**ORDERED** that all Defendants other than Officer Smith are **DISMISSED** as parties to this lawsuit.  It is further

**ORDERED** that Officer Smith shall have 14 days in which to answer this lawsuit or otherwise plead as appropriate.  Fed. R. Civ. P. 12(a)(4)(A).  Upon the filing of this answer, the deadlines set out in the Court's scheduling order (Docket No. 7) shall go into effect.

**So ORDERED and SIGNED this 3rd day of March, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE